IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KARL T. ECKWEILER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| *vs.* | ) Cause No. 2:17-cv-434 |
| | ) |
| NISOURCE, INC. and | ) |
| CARRIE HIGHTMAN, | ) |
| | ) |
| Defendants. | ) |

**<u>COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY</u>**

Plaintiff Karl T. Eckweiler, by counsel, for his Complaint for Damages and Demand for Trial by Jury, states as follows:

### I.  **<u>INTRODUCTION</u>**

1. This is an action brought by Karl T. Eckweiler ("Mr. Eckweiler") against Defendant NiSource, Inc. ("NiSource"), between which parties there was an employment relationship. NiSource violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"), by terminating Mr. Eckweiler's employment relationship because of his age. NiSource acted deliberately in violation of the civil rights of Mr. Eckweiler on the basis of his age, which was 55 at the time of his termination. NiSource also violated Mr. Eckweiler's rights by retaliating against Mr. Eckweiler after he invoked his federally protected rights under the ADEA in violation of 29 U.S.C. § 623(d). This action is also brought by Mr. Eckweiler against Carrie Hightman ("Ms. Hightman") for intentional infliction of emotional distress for her reckless and/or intentional, extreme and outrageous conduct toward Mr. Eckweiler.

## II.     EEOC COMPLIANCE

2. Mr. Eckweiler exhausted all of the administrative proceedings available to him by timely filing a Charge of Discrimination on the basis of disability with the U.S. Equal Employment Opportunity Commission ("EEOC").

3. Mr. Eckweiler filed his Charge of Discrimination with the EEOC on or about March 28, 2017. A copy of Mr. Eckweiler's Charge is attached hereto and marked as Exhibit 1.

4. Mr. Eckweiler's Charge was timely filed in compliance with 29 U.S.C. § 626, 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5.

5. Mr. Eckweiler received a Dismissal and Notice of Rights on August 22, 2017, which was dated August 21, 2017. A true and accurate copy of the Dismissal and Notice of Rights is attached hereto and marked as Exhibit 2.

6. This action was therefore timely filed within ninety (90) days of receipt by Mr. Eckweiler of the Dismissal and Notice of Rights.

## III.     JURISDICTION

7. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343.

8. The ADEA claim is authorized and instituted pursuant to Section 7(c) of the ADEA, 29 U.S.C. § 626(c).

9. The retaliation claims are authorized and instituted pursuant to 29 U.S.C. § 623(d).

10. Jurisdiction of this Court over Mr. Eckweiler's claim under Indiana state law is invoked pursuant to 28 U.S.C. § 1367.

11. Jurisdiction to grant injunctive and declaratory equitable relief as well as to award damages is invoked pursuant to 29 U.S.C. § 626(b) and 29 U.S.C. § 626(c)(1).

12. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Indiana, Hammond Division.

## IV. VENUE

13. At all times relevant herein, Mr. Eckweiler was a resident of Porter County in the State of Indiana, and is a citizen of the United States of America.

14. NiSource, Inc. is a foreign for-profit corporation organized in the State of Delaware, with its principal business location in Merrillville, Lake County, Indiana.

15. Carrie Hightman is a resident of Chicago, Cook County, Illinois.

16. The unlawful employment practices alleged herein arose in Lake County, Indiana. Lake County is located in the Northern District of Indiana.

17. Thus, this cause of action is properly venued in the Northern District of Indiana under 28 U.S.C. § 1391(b), which allows for an action to be brought in the district where the defendant resides or in which the cause of action arose.

## V. PLAINTIFF

18. Mr. Eckweiler is a citizen of the United States, and, during all times relevant to this Complaint, was a resident of Porter County in the State of Indiana.

19. Mr. Eckweiler was born in 1961.

## VI. DEFENDANTS

20. Defendant, NiSource, Inc., is a Delaware for-profit corporation with its principal place of business located at 801 E. 86th Ave., Merrillville, IN 46410.

21. At all times relevant to this action, NiSource, Inc. employed Mr. Eckweiler.

22. Carrie Hightman, who is, upon information and belief, a citizen of the United States, resides in Chicago, Illinois and regularly conducts business in Merrillville, Indiana.

## VII. STATEMENT OF FACTS

**A. NiSource hired Mr. Eckweiler in February 2009 as VP and Deputy General Counsel, and Mr. Eckweiler performed his duties well between February 2009 and January 2017.**

23. On or around February 16, 2009, NiSource hired Mr. Eckweiler as a Vice President and Deputy General Counsel.

24. Mr. Eckweiler directly reported to Carrie Hightman, the Executive Vice President and Chief Legal Officer for NiSource.

25. Mr. Eckweiler surpassed his performance expectations between February 2009 and January 2017. For instance, Mr. Eckweiler received Long Term Incentive Awards each year between 2009 and 2016 for his exemplary performance, including (1) his "great leadership and many contributions;" (2) his help in "driv[ing] a transformational 2011;" (3) his "tireless work and compelling leadership;" his "hard work and many sacrifices" as a "terrific leader;" and his "ongoing, strong leadership."

26. NiSource rated Mr. Eckweiler's annual performance as at least meeting expectations between February 2009 and January 2017. In his review for the year 2010, Mr. Eckweiler received an overall rating of "Consistently Exceptional."

27. In addition, in Mr. Eckweiler's performance reviews for the years 2011 and 2012, Mr. Eckweiler's overall performance was rated as exceeding expectations.

28. In Mr. Eckweiler's performance reviews for 2014 and 2015, his overall performance was rated as between meets expectations and exceeds expectations.

4

**B.     In November 2015, Mr. Eckweiler notified NiSource's CEO that Carrie Hightman discriminated against other employees based on their age.**

29.     Between approximately March 2013 and July 2015, at least three NiSource employees, who were over the age of 45, were forced out of their employment at NiSource and replaced by much younger workers at the direction of Carrie Hightman.

30.     In addition to the legal department, Ms. Hightman was responsible for ethics at NiSource as well as diversity and inclusion.

31.     Joe Hamrock, NiSource's President and Chief Executive Officer, asked Mr. Eckweiler to provide written feedback about Ms. Hightman's performance and leadership, and Mr. Eckweiler disclosed these incidents of discrimination against older workers.

32.     Thus, in or around November 2015, Mr. Eckweiler specifically wrote on his Leader Performance Input Form for Ms. Hightman that she:

> Talks I&D [inclusion and diversity] but discriminates against older workers. When her employees obtain a level of professional proficiency that exceeds Carrie's and their successors become ready now for advancement, Carrie focuses negative attention on the older individuals until they find it intolerable and leave the organization. I have personally witnessed her behavior and discussed the impacts with the individuals, up to and including their decisions to move on.

33.     In or around December 2016, in his Leader Performance Input Form for Ms. Hightman, Mr. Eckweiler reemphasized that "[n]othing has changed since I provided my initial comments earlier this year."

34.     Mr. Eckweiler submitted both Leader Performance Input Forms from 2015 and 2016 related to Ms. Hightman to Mr. Hamrock directly.

**C.     In January 2017, Ms. Hightman fabricated negative feedback about Mr. Eckweiler, and Mr. Eckweiler complained about age discrimination.**

35.     On or around January 19, 2017, Ms. Hightman met with Mr. Eckweiler about his annual review.

36.     During this review, Ms. Hightman fabricated negative feedback about Mr. Eckweiler, claiming that Mr. Eckweiler's peers and subordinates all agreed that he was argumentative and combative even though that was directly contrary to the direct feedback Mr. Eckweiler received from his peers and subordinates.

37.     Ms. Hightman rated Mr. Eckweiler's overall performance for the year 2016 as between needs improvement and meets expectation.

38.     Immediately following this meeting, Mr. Eckweiler met with NiSource's Director of Human Resources, Leslie Bercick, to complain about Ms. Hightman's age discrimination and retaliation that he had previously reported to the CEO.

**D.     Four days after his annual review with Ms. Hightman, Mr. Eckweiler filed a formal age discrimination complaint with Ms. Bercick on January 23, 2017.**

39.     Four days after his annual review, Mr. Eckweiler met with Ms. Bercick early in the morning of January 23, 2017, to make a formal complaint of discrimination and retaliation by Ms. Hightman.

40.     After making a formal complaint to Ms. Bercick, Mr. Eckweiler also advised Ms. Bercick that he was leaving work to seek medical attention for chest pains.

41.     During this time period, Mr. Eckweiler began suffering from severe chest pains that his doctor attributed to work-related stress.

42.     Mr. Eckweiler followed up with Chris Smith, Vice President of HR, approximately ten days later on or around February 3 and February 4, 2017, and inquired

about the status of his "complaint with HR stating Carrie Hightman has engaged in intentional age discrimination."

43. Mr. Eckwelier reminded Mr. Smith that Mr. Eckweiler had previously complained to Mr. Hamrock about Ms. Hightman's "discriminatory behavior more than a year ago," which Mr. Smith was aware of.

**E. During a meeting February 8, 2017, Mr. Smith informed Mr. Eckweiler that Ms. Hightman requested an ethics investigation of Mr. Eckweiler.**

44. On or around February 8, 2017, Mr. Smith informed Mr. Eckweiler that Ms. Hightman had requested that HR conduct an ethics investigation of Mr. Eckweiler's conduct following his annual review.

45. Ms. Hightman specifically alleged that Mr. Eckweiler discussed feedback about himself with those employees who had provided that feedback and thereby violated NiSource's corporate ethics and/or HR policies.

46. Mr. Smith informed Mr. Eckweiler during this meeting that Mr. Smith had not found any violation of NiSource policy by Mr. Eckweiler.

47. Ms. Hightman abused her power by requesting an ethics investigation of Mr. Eckweiler, which was sham on its face.

48. Mr. Eckweiler was provided no documentation concerning the result of the ethics investigation requested by Ms. Hightman, and Mr. Eckweiler was never informed of any finding of a violation of any NiSource policy.

49. Immediately following this meeting, Mr. Eckweiler met with an HR representative, Mel Kosonivich, to provide further specifics of Mr. Eckweiler's age discrimination and retaliation claims against Ms. Hightman.

7

**F.      Two weeks later on February 22, 2017, Mr. Smith informed Mr. Eckweiler that NiSource's investigation of his complaints was closed.**

50.     Two weeks later on February 22, 2017, Mr. Smith informed Mr. Eckweiler that the investigation of his age discrimination complaints against Ms. Hightman was completed, and no concrete evidence of discrimination was found.

51.     NiSource never provided Mr. Eckweiler anything in writing relating to this investigation.

**G.      Two days later on February 24, 2017, Mr. Eckweiler was placed on administrative leave, pending discharge.**

52.     Two days after Mr. Eckweiler's age discrimination and retaliation complaints against Ms. Hightman were closed by HR, Mr. Eckweiler was called to Mr. Smith's office on February 24, 2017.

53.     On his arrival, Mr. Eckweiler was immediately put on a phone call with Ms. Hightman. Ms. Hightman informed Mr. Eckweiler that he was being placed on administrative leave pending discharge.

54.     Ms. Hightman advised Mr. Eckweiler that their personalities never worked together (even though he worked with her for 8 years with high performance ratings), and that he was disrespectful. Mr. Eckweiler was not provided any examples of this alleged behavior; nor was he provided an opportunity for performance improvement, which is the standard practice at NiSource.

**H.      About a month later on March 21, 2017, NiSource terminated Mr. Eckweiler's employment.**

55.     About a month later n or around March 21, 2017, NiSource terminated Mr. Eckweiler's employment without further explanation.

8

56. NiSource replaced Mr. Eckweiler with two individuals approximately 10 years younger than Mr. Eckweiler, who were not as qualified as Mr. Eckweiler for the job and who previously reported directly to him.

57. As a direct and proximate result of the foregoing conduct:

   a. Mr. Eckweiler incurred and continues to incur a substantial loss of past, present and future income;

   b. Mr. Eckweiler has lost the fringe benefits provided by NiSource;

   c. Mr. Eckweiler has suffered damage to his career;

   d. Mr. Eckweiler has suffered mental and physical anguish; and

   e. Mr. Eckweiler has incurred additional financial losses, including the costs associated with invoking his federally protected civil rights.

## VIII.  STATEMENT OF CLAIMS

### COUNT I
*(Discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.)*

58. Mr. Eckweiler incorporates the allegations of paragraphs 1 through 57 above and, in addition, states that NiSource discriminated against him because of his age.

59. NiSource is engaged in an industry affecting commerce, as defined in Section 11(h) of the ADEA, 29 U.S.C. § 630(h).

60. NiSource has employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year.

61. NiSource is an "employer" within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

62. Mr. Eckweiler was 55 years of age at the time NiSource terminated his employment.

63. During his employment, Mr. Eckweiler met his employer's legitimate work expectations.

64. At all times relevant herein, Mr. Eckweiler had the requisite skill, experience, and other job-related requirements of the position he held with NiSource.

65. NiSource's termination of Mr. Eckweiler's employment was an adverse employment action taken against Mr. Eckweiler because of his age.

66. By initiating a sham ethics investigation of Mr. Eckweiler and placing Mr. Eckweiler on administrative leave based on his age in or around February 2017, NiSource engaged in on-going discriminatory conduct and retaliation until his termination on March 21, 2017.

67. Mr. Eckweiler's former position was filled by two individuals who were approximately 10 years younger than Mr. Eckweiler and who had less experience than Mr. Eckweiler. These two individuals previously reported directly to Mr. Eckweiler.

68. Furthermore, younger employees similarly situated to Mr. Eckweiler were treated more favorably by NiSource.

69. As a result of NiSource's discriminatory actions, Mr. Eckweiler has suffered chest pains and other stress-related symptoms. He has also suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until the Court grants relief.

## COUNT II
*(Retaliation in Violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(d))*

70. Plaintiff incorporates the allegations in paragraphs 1 through 69 above, and, in addition, alleges that NiSource retaliated against Mr. Eckweiler in violation of the ADEA.

71. Mr. Eckweiler engaged in protected activity, including, but not limited to, reporting age discrimination against other employees by Ms. Hightman to Defendant NiSource on multiple occasions, including in or around November 2015 and December 2016; this was protected activity.

72. Additionally, in or around January 2017 and February 2017, Mr. Eckweiler reported additional discriminatory and retaliatory acts against him by Ms. Hightman on multiple occasions; this was also protected activity.

73. Because Mr. Eckweiler complained about the discrimination and/or retaliation against other employees as well as himself, NiSource terminated his employment on March 21, 2017; this was an adverse action by NiSource.

74. NiSource retaliated against Mr. Eckweiler for engaging in protected activity.

75. In addition, NiSource believed that Mr. Eckweiler was engaged in or planning to engage in additional protected activity, including, but not limited to, filing a Charge of Discrimination with the EEOC and/or the Indiana Civil Rights Commission or taking other legal action.

76. NiSource took adverse employment action against Mr. Eckweiler in retaliation for his actual and perceived protected activity, including, but not limited to: ultimately being terminated from NiSource.

## COUNT III

(*Intentional Infliction of Emotional Distress*)

77. Mr. Eckweiler incorporates the allegations of paragraphs 1 through 76 above, and, in addition, states that Carrie Hightman's conduct in this matter constitutes intentional infliction of emotional distress.

78. Ms. Hightman's actions in this matter constitute extreme and outrageous conduct.

79. Ms. Hightman lied about the feedback she received from Mr. Eckweiler's peers and subordinates.

80. Ms. Hightman also abused her power by, among other things, initiating a sham ethics investigation against Mr. Eckweiler after he complained that Ms. Hightman discriminated against himself and others on the basis of their age.

81. Ms. Hightman's reckless and/or intentional conduct caused severe emotional distress to Mr. Eckweiler.

82. Ms. Hightman is subject to liability for Mr. Eckweiler's severe emotional distress.

## IX.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Karl T. Eckweiler prays for a judgment in his favor against Defendant NiSource, Inc., and prays that the following relief be awarded:

(a) Grant a permanent injunction enjoining NiSource, Inc., its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in age discrimination and any other employment practice, which discriminates on the basis of age and from engaging in retaliation;

(b) Order NiSource, Inc. to make whole Mr. Eckweiler by providing appropriate back pay and front pay for actual damages with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to

    eradicate the effects of its unlawful employment practices, including but not limited to Mr. Eckweiler's pecuniary losses;

(c)  Order NiSource, Inc. to make whole Mr. Eckweiler by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including medical expenses, in amounts to be determined at trial;

(d)  Order NiSource, Inc.to make whole Mr. Eckweiler by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial;

(e)  Order NiSource, Inc.to pay Mr. Eckweiler punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;

(f)  Order NiSource, Inc. to reinstate Mr. Eckweiler to an appropriate position, at an equal or improved salary;

(g)  Order NiSource, Inc. to pay Mr. Eckweiler special damages, in amounts to be determined at trial;

(h)  Order NiSource, Inc. to pay damages to Mr. Eckweiler for any and all injuries to his career, in amounts to be determined at trial;

(i)  Order Carrie Hightman to pay damages to Mr. Eckweiler for her extreme and outrageous conduct resulting in severe emotional distress to Mr. Eckweiler;

(j)  Award Mr. Eckweiler the costs of this action including reasonable attorneys' fees; and

(k)  Grant such further relief as the Court may deem necessary, just, proper and equitable or in the public interest.

## X.  RESERVATION OF RIGHTS

Pursuant to the rules of pleading and practice, Plaintiff reserves the right to assert additional violations of federal and state law.

## XI.  JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

        Respectfully submitted,

        *s/ Sandra L. Blevins*
        Kevin W. Betz, Attorney No. 14188-82
        Sandra L. Blevins, Attorney No. 19646-49
        Courtney E. Endwright, Attorney No. 30557-49

        *Attorney for Plaintiff Karl T. Eckweiler*

BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, Indiana 46204
Office: (317) 687-2222
Fax: (317) 687-2221
E-mail: litigation@betzadvocates.com