UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| KARL T. ECKWEILER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:17-CV-434-JTM-JEM |
| | ) | |
| NISOURCE, INC., and | ) | |
| CARRIE HIGHTMAN, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Plaintiff's Verified Motion to Compel Depositions [DE 33], filed June 9, 2018 and Defendants' Verified Motion for a Protective Order Limiting the Number of Plaintiff's First Set of Interrogatories to Defendants [DE 37], filed June 22, 2018.

**I.     Background**

On November 17, 2017, Plaintiff filed his Complaint alleging violations of his civil rights arising out of his termination from employment with Defendant NiSource. He brings his claims against NiSource pursuant to the Age Discrimination in Employment Act and also alleges that Defendant Hightman is liable for intentional infliction of emotional distress.

On February 8, 2018, the Court held a preliminary pretrial conference at which it adopted, in significant part, the report of parties' planning meeting, including the parties' agreement to limit the number of interrogatories by either party to 25, without seeking leave of Court. On June 9, 2018, Plaintiff filed the instant Motion to Compel. Defendants filed a response on June 22, 2018, and the same day filed the instant Motion for Protective Order. On June 29, 2018, Plaintiff filed a reply in support of the Motion to Compel, and filed a response to the Motion for Protective Order on July 5, 2018. Defendants filed a reply on July 13, 2018.

1

## II. Analysis

Plaintiff moves for an order compelling certain of Defendants' witnesses to sit for a deposition before Defendants are permitted to take his deposition because he requested the depositions first. Defendants are seeking a protective order declaring that Plaintiff served too many interrogatories and limiting their required response to the 25 agreed by the parties.

Federal Rule of Civil Procedure 26(b) provides, in relevant part: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding whether to compel discovery. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

Federal Rule of Civil Procedure 26(c) also allows the Court, for good cause, to issue an order to protect a party from discovery "from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding inquiry into certain matters." Fed. R. Civ. P. 26(c)(1)(D). Rule

26(c) "essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense." *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) (quotations omitted). "The party moving for a protective order must establish that good cause exists for the Court to exercise its discretion in entering a protective order." *Nieves v. OPA, Inc.,* 948 F. Supp. 2d 887, 891 (N.D. Ill. 2013).

    A.    <u>Motion to Compel</u>

Plaintiff requests that the Court compel Defendants to produce particular deponents within its control before it deposes Plaintiff. Plaintiff argues that the party that requests the deposition first should get to take it first. Defendants respond that there is no rule about priority based on who requests a deposition first.

Prior to 1970, "priority to question a witness was given to the party who issued the notice of deposition. This rule was abolished" in the 1970 iteration of the Federal Rules of Civil Procedure. *Lumpkin v. Kononov*, No. 2:12-CV-320, 2013 WL 1343666, at *1 (N.D. Ind. Apr. 3, 2013). The Advisory Committee Comments that year explained that the change was intended "to eliminate any fixed priority in the sequence of discovery, and . . . to make clear and explicit the court's power to establish priority by an order issued in a particular case." 48 F.R.D. 487, 506. The current iteration of Rule 26 provides, "Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3).

Although the fact that Plaintiff requested certain depositions first does not direct the order in which the depositions occur, the Court is vested with authority to direct deposition priority if it is appropriate. Plaintiff argues that his need to depose Defendants' witnesses is greater than their need to depose him because his Complaint includes a lot of information and he has already provided information responsive to Defendants' discovery requests, but he will be prejudiced if he has to sit for a deposition before he learns about Defendants' contentions. Defendants argue that, in answer to several of their interrogatories, Plaintiff responded that a deposition would be a more appropriate method of response than a written answer, so it makes sense for them to hold his deposition first. They also argue that his deposition is the only way for them to discover facts that are the foundation of Plaintiff's claims, particularly the facts supporting his claim for intentional infliction of emotional distress. In reply, Plaintiff argues that it was only five of the interrogatories in which he requested a deposition rather than providing a written answer, that it was at least in part because he did not understand the interrogatory or could not provide an accurate response in writing. Although Plaintiff argues that he will be prejudiced if he sits for his deposition before deposing Defendants' witnesses, the argument is not developed, and it is not apparent to the Court why, if he does not know the answers to some of the questions he is asked, he cannot explain that. Likewise, the parties can negotiate a date for the deposition and Plaintiff can request particular discovery responses before the deposition, if that is appropriate. Accordingly, there is no reason for the court to direct deposition priority in this case.

    B.    <u>Motion for Protective Order</u>

Defendants move for a protective order limiting the number of interrogatories they must answer to twenty-five, the number contemplated in Federal Rule of Civil Procedure 33 and agreed to by the parties in their report of planning meeting. They argue that, although Plaintiff's interrogatories only are numbered 24, they include 64 separate and distinct lines of inquiry and separate requests for identification of documents. Plaintiff argues that the subparts are sufficiently related as to justify his numbering, and goes through the interrogatories to explain how the subparts are logically and factually related to the main interrogatory.

Although "[t]here is no bright-line test" for counting interrogatories and determining whether a subpart should be considered a separate question, "'an interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question,' whereas 'an interrogatory with subparts inquiring into discrete areas is likely to be counted as more than one for purposes of the limitation.'" *Jacks v. Directsat USA, LLC*, No. 10 C 1707, 2011 WL 382858, at *2 (N.D. Ill. Feb. 1, 2011) (quoting Wright & Miller, Federal Practice and Procedure, § 2168.1) (other quotations and citations omitted).

In this case, Defendants argue generally that all of Plaintiff's numbered interrogatories contain multiple subparts. A brief review of the interrogatories reveals that the interrogatories are involved, with many of them asking for large amounts of information, but that they do seem to be "directed at eliciting details concerning a common theme." *See, e.g., Bell v. Woodward Governor Co.*, No. 03 C 50190, 2005 WL 3829134, at *1 n.2 (N.D. Ill. June 30, 2005) ("[A] question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."). The exception is interrogatory number 15, which includes subparts addressing

5

four separate incidents or time periods, and therefore should be understood as four discrete queries. *Imbody v. C & R Plating Corp.*, No. 108-CV-00218, 2010 WL 567317, at *1 (N.D. Ind. Feb. 12, 2010) ("[I]nterrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question.") (quoting *Holmes v. Trs. of Purdue Univ.*, No. 4:06-CV-114, 2008 WL 656263, at *2 (N.D. Ind. Mar.5, 2008)). Accordingly, Plaintiff has propounded 27 interrogatories, two more than the limit in the Federal Rules of Civil Procedure and that agreed to by the parties. Plaintiff must identify which 25 of the 27 interrogatories he wishes Defendants to respond to.

**III.     Conclusion**

As described above, the Court hereby **DENIES** Plaintiff's Verified Motion to Compel Depositions [DE 33]. The Court **GRANTS in part** Defendants' Verified Motion for a Protective Order Limiting the Number of Plaintiff's First Set of Interrogatories to Defendants [DE 37] and **ORDERS** Plaintiff to identify 25 of the 27 interrogatories to which he is requesting a response.

Because the motion to compel was denied and a protective order entered in part, the Court must hear from the parties regarding whether and, if so, how it is appropriate to award fees to Defendants for opposing the Motion to Compel and bringing the partially successful Motion for Protective Order. Fed. R. Civ .p. 37(a)(5)(B) and (C) (requiring that the court address the apportionment of reasonable expenses unless "the motion was substantially justified or other circumstances make an award of expenses unjust"). Accordingly, the Court hereby **ORDERS** Defendants to **FILE**, on or before **December 3, 2018,** an itemization of its costs and fees, including attorney's fees, incurred in opposing the Motion to Compel and filing the Motion for Protective Order along with argument as to why those expenses are reasonable in this situation, with Plaintiff

6

to **FILE** a response to Defendants' request for expenses on or before **December 17, 2018**, and Defendants to file a reply by **December 28, 2018**.

SO ORDERED this 16th day of November, 2018.

                                                 s/ John E. Martin
                                                 MAGISTRATE JUDGE JOHN E. MARTIN
                                                 UNITED STATES DISTRICT COURT

cc:    All counsel of record