# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| KARL T. ECKWEILER, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CAUSE NO.:2:17-CV-434-JTM-JEM |
| | ) |
| NISOURCE, INC., and | ) |
| CARRIE HIGHTMAN, | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Attorney Fees [DE 45], filed November 30, 2018, and Plaintiff's Motion for Leave to File Surreply in Opposition to Defendants' Motion for Attorney Fees [DE 62], filed January 9, 2019. On November 16, 2018, the Court denied Plaintiff's Motion to Compel and granted in part Defendants' Motion for a Protective Order and set a briefing schedule for argument regarding the appropriateness of awarding attorney's fees incurred in filing the motions. On November 20, 2018, Defendants filed the instant petition seeking $6,169.60 in attorney's fees for the motion to compel and $5,619.20 for the motion for protective order. Plaintiff filed a response objecting to the request on December 18, 2018, and Defendants filed a reply on January 2, 2019. On January 9, 2019, Plaintiff filed the instant Motion for Surreply requesting leave to file a surreply addressing some of the arguments raised in Defendants' reply. Defendants filed a response on January 14, 2019, and on January 22, 2019, Plaintiff filed a reply.

**I.**     **Motion for Fees**

When a party successfully opposes a motion to compel, Rule 37 provides for the award of "reasonable expenses incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). In the case of a partially successful motion, the Court "may, after giving an

opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). District courts possess wide latitude in evaluating the reasonableness of requested attorney fees and costs. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

    A. <u>Success on the Motions</u>

Plaintiff's motion to compel was denied, so to avoid paying fees he must demonstrate that his motion was substantially justified or other circumstances make an award of attorneys' fees unjust. Defendants argues that Plaintiff's argument was not fully developed and based on an old version of the Federal Rules of Civil Procedure, so was not substantially justified. Plaintiff asserts that his motion was justified because Defendants would not agree to take some of the depositions requested by Plaintiff before deposing Plaintiff himself, despite his requesting those depositions before the deposition of Plaintiff was noticed. He argues that, although the Court denied his motion, his preferred deposition order still controls, so he was not actually unsuccessful. That, however, is not what the Court held. Instead, the Court noted that under the current version of the Rules, the order of request "does not direct the order in which depositions occur," a concept based on the pre-1970 version of the Federal Rules of Civil Procedure. In addition, although it might be appropriate for the Court to direct deposition order in some circumstances, in this case Plaintiff did not make a developed argument as to why his preferred order was the appropriate order, only arguing that he asked first. Instead, the Court suggested that Defendants' argument that Plaintiff's deposition should be taken first was well-reasoned, and it might be appropriate for his deposition to proceed first, with the parties to negotiate certain written discovery in advance. It did not so hold, but left it to the parties to negotiate the order of discovery in accordance with the requirements of the current requirement of Federal Rule of Civil Procedure 26 that, no matter the sequence, "discovery by one

2

party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3). Accordingly, Plaintiff has not shown that his motion to compel was substantially justified or that other circumstances make an award of fees related to that motion unjust.

Defendants argue that they should be awarded fees on their motion for protective order. The motion was granted in part, with the Court finding that Plaintiff propounded more interrogatories than permitted, but not by such an excessive number as Defendants asserted. Plaintiff argues that because Defendants only had a small measure of success, they should not be awarded attorney fees. Defendants argue that they are entitled to the full amount of fees requested because they were successful in obtaining an adjustment in the number of interrogatories and because Plaintiff failed to meet and confer with Defendants about the interrogatories before they filed the motion. Plaintiff, for his part, argues that there were only a few extra interrogatories and that Defendants have been causing delays in the discovery process by requesting repeated extensions.

Defendants' motion for protective order was granted only in part because they overstated the number of excess interrogatories. The Court also notes that a more robust commitment to the good faith effort to resolve disputes without Court intervention on behalf of Plaintiff would be useful in this case. *See* Fed. R. Civ. P. 37. Accordingly, it finds that Defendants are entitled to 75% of the fees incurred, as computed in more detail below.

B. Amount of Fees

Plaintiff also disputes the amount of fees requested. As the Supreme Court has explained, "the most useful starting point for court determination of the amount of a reasonable fee payable by the loser is the number of hours reasonably expended on the litigation multiplied by a reasonable

3

hourly rate," known as the "lodestar." *Gisbrecht v. Barnhart*, 535 U.S. 789, 801-02 (2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (quotation and other marks omitted).

For the motion to compel, Defendants are asking for reimbursement of 14.8 hours of attorney time at $292, $492, or $532 per hour, depending on the attorney doing the work, for a total of $6,169.60. For the motion for protective order, Defendants seek reimbursement for 16.3 hours of attorney time, with the same attorneys as worked on the motion to compel, for a total of $5,619.20. Defendants include the billing statement itemizing costs incurred in bringing the two motions and an affidavit describing the hourly rate of each of the attorneys who worked on these motions and explaining that they are commensurate with the legal market in which they practice.

Plaintiff argues that Defendants have not sufficiently established that their hourly rates are market rates because the affidavit does not clarify exactly how that affiant knows about billing rates in the area and is merely a statement of what that the attorneys billed. However, "[t]he best evidence of the market rate is the amount the attorney actually bills for similar work," *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014), and, although the affidavit could make this point with greater clarity, it does aver that, as well as being the amount charged to the client for this matter, the fees in this case are consistent with what the firm's attorneys bill this and other clients for similar work.

Plaintiff also argues that the number of hours spent on each of the motions was excessive, since the resulting briefs were not lengthy and a significant amount of the time was spent revising the work of others. In addition, Plaintiff points out that one of the entries on the itemization for work done on the motion to compel includes work addressing the motion for protective order, and argues that time spent reviewing the discovery and reviewing Plaintiff's reply brief should not be

4

compensated. Defendants argue that the time expended was reasonable and the billing itemizations sufficiently descriptive.

On review of the itemizations, the Court finds that there are a few descriptions of time that should not be awarded: .4 hours at $292 per hour and .4 hours at $492 per hour for reviewing Plaintiff's reply brief in support of the motion to compel, and 2 hours at $532 per hour for reviewing interrogatories and attempting to meet and confer with Plaintiff prior to filing the motion for protective order, since that is work that was not directly related to briefing or would have had to occur even if the motions were not filed. This leaves a total of $5,856.00 for the motion to compel and $4,555.20 for the motion for protective order. As described above, Defendants vastly overstated the number of excess interrogatories propounded by Plaintiff, although Plaintiff did propound more than permitted and refused to edit the requests without Court intervention, in contravention of the Federal Rules of Civil Procedure. Accordingly, the Court will discount the award by 25% to account for the overstatement, for a total of $3,416.40 in fees for the motion for protective order. The Court also notes that one of the descriptions of time on the itemization for the motion to compel, work done on 6/22/2018 by attorney Oh, includes time spent performing work on both motions. Because the lack of specificity makes it impossible to tell how much of the time was spent on each motion, the Court will deduct 25% of this entry, reducing the fees by an additional $758.10. The Court concludes that a total amount of $8,514.30 is reasonable for the work done by counsel for Defendants on these two motions.

## II.     Motion for Sur-reply

Also pending before the Court is Plaintiff's motion requesting leave to file a sur-reply. There is no provision in the Local Rules for a sur-reply or other additional briefing. Local Rule 7-1

provides for the filing of a motion, response, and a reply. A party may file a sur-reply only by leave of the Court, if the party shows "some factor that justifies a deviation from the rule." *Brunker v. Schwan's Home Serv., Inc.*, No. 2:04-CV-478, 2006 WL 3827046, *2 (N.D. Ind. Dec. 27, 2006) (citations omitted); *see also Goltz v. Univ. of Notre Dame du Lac*, 177 F.R.D. 638, 641-42 (N.D. Ind. 1997). Plaintiff argues that new factual and legal arguments were included in Defendants' reply in support of their request for fees and he should be permitted to answer them. In particular, he points to Defendants' arguments that in his response, he made allegations about delays in responding to discovery. The purpose of a reply brief is to address arguments made in the response, which is exactly what Plaintiff asserts that Defendants did. To the extent that any actual new arguments were made in the reply, beyond just addressing Plaintiff's arguments in the response, they were disregarded by the Court, so no sur-reply is needed.

**III. Conclusion**

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's Motion for Leave to File Surreply in Opposition to Defendants' Motion for Attorney Fees [DE 62]. The Court approves and **GRANTS** Defendant's Motion for Attorney Fees [DE 45] and **ORDERS** Plaintiff or his attorneys to reimburse Defendants in the sum of $8,514.30 in attorney fees within a reasonable time.

SO ORDERED this 26th day of March, 2019.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record